**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD MCGINNIS, individually and on behalf of all others similarly-situated,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **Case No. 19 cv 00845** |
| **vs.** | ) ) | **Judge Edmond E. Chang** |
| **UNITED STATES COLD STORAGE, INC.,** | ) ) ) | |
| **Defendant.** | ) ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

INTRODUCTION..........................................................................................................1

FACTUAL BACKGROUND .......................................................................................2

ARGUMENT ................................................................................................................5

    A.     Legal Standard ...............................................................................................5

    B.     The Complaint is Time-Barred by the One-Year Statute of
          Limitations for Privacy Claims.....................................................................5

          1.     The Complaint Pleads a Privacy Claim Subject to a One-Year
                 Statute of Limitations. ..................................................................6

          2.     In the Alternative, the Complaint Pleads a Statutory Penalty
                 Claim Subject to a Two-Year Statute of Limitations. ............................8

          3.     Alternatively, the Complaint Pleads a Personal Injury Claim
                 Subject to a Two-Year Statute of Limitations.......................................10

          4.     Plaintiff's BIPA Claim Accrued When US Cold Storage Failed
                 to Give Plaintiff the Written Notice and Consent Forms
                 Required by BIPA Prior to Collecting His Fingerprint and/or
                 Handprint. ..................................................................................11

    C.     The Complaint's BIPA Claim is Barred by the IWCA's Exclusive
          Remedy Provision. ......................................................................................14

          1.     The Complaint Alleges an "Accidental Injury" Subject to the
                 IWCA's Exclusive Remedy Provisions. ...................................16

          2.     The Complaint Pleads Facts to Show That the Injury "Arises
                 Out of" Plaintiff's Employment – *i.e.*, There is a Causal
                 Connection Between His Employment and Injury. ...........................17

          3.     The Complaint Pleads Facts to Show that the Injury Occurred
                 "In the Course of" Plaintiff's Employment. ...........................18

          4.     The Injury is Compensable under the IWCA. ...................................19

CONCLUSION ...........................................................................................................20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abcarian v. McDonald,*
617 F.3d 931 (7th Cir. 2010) ..................................................5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..................................................5

*Barlow v. United States,*
32 U.S. 404 (1833)..................................................12

*Blair v. Nevada Landing P'ship,*
369 Ill.App.3d 318 (2d Dist. 2006)..................................................8

*Caterpillar Tractor Co. v. Indus. Com,*
129 Ill.2d 52 (1989) ..................................................17, 18

*Doe v. La Magdalena II, Inc.,*
585 F.Supp.2d 984 (N.D. Ill. 2008) ..................................................5

*Elmore v. Salas,*
2016 WL 2755326 (N.D. Ill. May 12, 2016) ..................................................5

*Garland v. Morgan Stanley & Co., Inc.,*
2013 IL App (1st) 112121..................................................16

*Hernon v. E.W. Corrigan Constr. Co.,*
149 Ill.2d 190 (1992) ..................................................5

*Knox College v. Celotex Corp.,*
88 Ill.2d 407 (1981) ..................................................11, 14

*Landis v. Marc Realty, L.L.C.,*
235 Ill.3d 1, 13-14 (2009)..................................................9

*LeGout v. LeVieux,*
338 Ill. 46 (1929) ..................................................12

*Livingston v. Meyers,*
6 Ill.2d 325 (1955) ..................................................12

*Logan v. Wilkins,*
644 F.3d 577 (7th Cir. 2011) ..................................................5

*Mayfield v. ACME Barrel Co.,*
258 Ill.App.3d. 32 (1994) ............................................................................................17

*Meerbrey v. Marshall Field & Co., Inc.,*
139 Ill.2d 455 (1990) ..........................................................................................14, 15

*Namur v. Habitat Co.,*
294 Ill.App.3d 1007 (1st Dist. 1998) ..........................................................................9

*Nolan v. Johns-Manville Asbestos,*
85 Ill.2d 161 (1981) ....................................................................................................11

*Popko v. Contl. Cas. Co.,*
355 Ill.App.3d 257 (1st Dist. 2005) ........................................................................7, 8

*Rosenbach v. Six Flags Entertainment Corp.,*
2019 IL 123186 .................................................................................................. *passim*

*Senesac v. Employer's Voc. Res.,*
324 Ill.App.3d 380 (1st Dist. 2001) ......................................................................16, 17

*Unger v. Continental Assurance Co.,*
107 Ill.2d 79 (1985) ....................................................................................................19

*Upton v. Tribilcock,*
91 U.S. 45 (1875) ........................................................................................................12

*Wells v. I F R Eng'g Co.,*
247 Ill.App.3d 43 (1st Dist. 1993) ..............................................................................16

*Witherell v. Weimer,*
85 Ill.2d 146 (1981) ....................................................................................................11

**Statutes**

735 ILCS 5/13-201 ..................................................................................................1, 6

735 ILCS 5/13-202 ..................................................................................................9, 11

740 ILCS 14/10 ............................................................................................................3

740 ILCS 14/15 ........................................................................................................1, 13

740 ILCS 14/15(b) ........................................................................................................4

740 ILCS 14/15(d)(1) ....................................................................................................4

740 ILCS 14/20 ........................................................................................................4, 10

740 ILCS 14/20(1) ..................................................................................................7

765 ILCS 1075/10 ...................................................................................................8

765 ILCS 1075/30 ...................................................................................................8

820 ILCS 305/5(a) ...............................................................................................1, 15

820 ILCS 305/5(a) and 11 ...................................................................................1, 19

820 ILCS 305/11 ...................................................................................................15

Biometric Information Privacy Act ..........................................................................1

BIPA ................................................................................................................ *passim*

BIPA, Section 13-202's ...........................................................................................10

Illinois Workers' Compensation Act ........................................................................1

Publicity Act .............................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ....................................................1, 2, 5, 14

Federal Rule of Civil Procedure Rule 12(b)(6).......................................................20

## INTRODUCTION

This is a single-count putative class action under the Biometric Information Privacy Act ("BIPA"). *See* 740 ILCS 14/1 *et seq*. Defendant United States Cold Storage, Inc. ("US Cold Storage") moves to dismiss the Class Action Complaint ("Complaint") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Fed. R. Civ. P. 12(b)(6).

The BIPA claim is time-barred because plaintiff Richard McGinnis ("plaintiff" or "McGinnis") did not file his lawsuit within one year after his cause of action accrued under the one-year statute of limitations applicable to privacy claims. *See* 735 ILCS 5/13-201. In fact, plaintiff's BIPA action accrued in mid-2012, and plaintiff waited more than five years to file his initial Complaint on November 7, 2017. Because the BIPA claim is untimely, it must be dismissed with prejudice pursuant to Rule 12(b)(6).

Even if the court finds the BIPA claim timely (which it is not), it is preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA" or "Act"). *See* 820 ILCS 305/5(a) and 11. The IWCA was established as a "grand bargain" between employers and employees, making workers' compensation the "exclusive remedy" for workplace injuries. The Act imposes liability without fault on employers whenever an employee suffers an "accidental injury" that "arises out of and in the course of the employment." In return, the Act prohibits an employee from filing a civil lawsuit seeking damages and other remedies against the employer for a work-related injury.

The exclusive remedy provisions are not limited to an employee's common law claims. They expressly apply to any "statutory right to recover damages" such as BIPA. *See* 820 ILCS 305/5(a). The Illinois Supreme Court's recent holding in *Rosenbach* – that BIPA violations cause individuals to suffer "real and significant injury" to their privacy rights – creates precisely the type

1

of "injury" that triggers application of the IWCA's exclusive remedy provisions. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶34.

Here, the exclusive remedy test – an "accidental injury that arises out of and in the course of employment" – is met based on the Complaint's allegations and supporting case law. The injury is "accidental" because the Complaint alleges that US Cold Storage's BIPA violations were "negligent" or "reckless." Illinois case law equates negligent or reckless conduct with "accidental injuries" compensable under the Act. (ECF No. 4-2 ¶¶25, 30, 46-51.)

The "arising out of" and "in the course of employment" elements are satisfied because the Complaint alleges that the statutory violations which produced plaintiff's injuries are causally connected to duties plaintiff was required to perform and occurred in the workplace, during working hours. Specifically, the Complaint alleges that US Cold Storage required the collection of plaintiff's scanned fingerprint and/or handprint for its biometric time tracking system as a means of authentication to track his time worked. (*Id.* ¶¶4, 14-15.) The Complaint further alleges that plaintiff "has experienced injury in the form of mental anguish." (*Id.* ¶25.) The Illinois Supreme Court has held that emotional distress and mental anguish injuries are plainly compensable under the IWCA. Thus, the Complaint's BIPA claim is preempted by the IWCA and must be dismissed with prejudice pursuant to Rule 12(b)(6).

## FACTUAL BACKGROUND

On January 4, 2019, plaintiff, a former US Cold Storage employee, re-filed his putative BIPA class action, which he initially filed on November 7, 2017. (ECF No. 4-2; Case No. 17-cv-08054, ECF No. 1.) The re-filed Complaint alleges that plaintiff began using US Cold Storage's biometric time tracking system "in or around mid-2012" and that he was "required to have his fingerprint and/or handprint collected and/or captured so that US Cold could store it and use it moving forward as an authentication method." (ECF No. 4-2 ¶14.) "Each day, Plaintiff was

required to place his entire hand on a panel to be scanned in order to 'clock in' and "clock out' of work." (*Id.* ¶15.) In short, the Complaint alleges that plaintiff's collected fingerprint/handprint was used to authenticate plaintiff's presence in the facility and to verify that it was plaintiff who clocked-in and out on each day he worked. (*Id.* ¶¶4, 13-15.)

The Complaint also alleges that US Cold Storage uses a "third party vendor that maintains the employees' biometric information" and its "biometric time-keeping system." (*Id.* ¶¶20-21.) It further alleges that when US Cold Storage "collected" the fingerprint/handprint of plaintiff and its other employees, it made an "unauthorized disclosure" of that biometric information to its third-party biometric vendor "for the functionality of its biometric-scanning time-tracking system." (*Id.* ¶¶20-21, 23, 50.)

Section 15(b) requires private entities to comply with BIPA's notice and consent requirements *before* they collect an individual's biometric identifier[1] or biometric information[2]:

> (b)     No private entity may collect, capture, purchase, receive through trade or otherwise obtain a person's or a customer's biometric identifier or biometric information, *unless it first*:
>
>> (1)     informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
>>
>> (2)     informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>>
>> (3)     receives a written release executed by the subject of the biometric identifier or biometric information….

740 ILCS 14/15(b); *see also* ECF No. 4-2 ¶¶34, 39.

---

[1] "Biometric identifiers" are defined to include a "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *See* 740 ILCS 14/10.

[2] "Biometric information" means "any information … based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." *See* 740 ILCS 14/10.

Section 15(d) prohibits a "private entity in possession of a biometric identifier or biometric information" from "disclos[ing], redisclos[ing], or otherwise disseminat[ing] [it] unless (1) the subject … consents to the disclosure or redisclosure." 740 ILCS 14/15(d)(1).

The Complaint alleges that US Cold Storage "negligently" or "recklessly" violated BIPA, which caused plaintiff "injury in the form of mental anguish." (ECF No. 4-2 ¶¶25, 30, 42, 46-51.) The Complaint does not allege that US Cold Storage acted with specific intent to injure plaintiff. Instead, it alleges that US Cold Storage violated Section 15 of BIPA by:

46. … failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifier[] and biometric information it collected from Plaintiff….

47. … failing to inform Plaintiff … in writing that [his] biometric identifier[] and/or biometric information were being collected and stored.

48. … failing to inform Plaintiff … in writing of the specific purpose and length of term for which [his] biometric identifier[] and/or biometric information was being collected, stored, and/or used.

49. … failing to obtain [a] written release[] from Plaintiff … before it collected, used, and/or stored [his] biometric identifiers and biometric information.

50. … disclosing, redisclosing, and/or otherwise disseminating [plaintiff's] biometric information and/or biometric identifier[] without prior consent and without any lawful purpose.

(*Id.* ¶¶46-50.)

Plaintiff seeks no actual damages but statutory or "liquidated damages to each person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20." (*Id.* Prayer for Relief (c).)

**ARGUMENT**

**A.     Legal Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, a court views the Complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor. *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff can "plead himself out of court … by alleging facts inconsistent with his theory of relief." *See Elmore v. Salas*, 2016 WL 2755326, *4 (N.D. Ill. May 12, 2016). If plaintiff's allegations themselves demonstrate that his claim is barred by the IWCA exclusive remedy provision or the statute of limitations, the complaint must be dismissed for failure to state a claim. *See Doe v. La Magdalena II, Inc.*, 585 F.Supp.2d 984, 986 (N.D. Ill. 2008) (plaintiff's negligence claims were preempted by the IWCA's exclusive remedy provisions; the "allegations in the complaint plainly foreclose" any exception to the exclusivity rule); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (case dismissed with prejudice under Rule 12(b)(6) when the statute of limitations defense was apparent on the complaint's face).

**B.     The Complaint is Time-Barred by the One-Year Statute of Limitations for Privacy Claims.**

The General Assembly did not include a statute of limitations when it enacted BIPA. In such instances, courts look to existing Illinois statutes of limitations and apply the most specific one. *See Hernon v. E.W. Corrigan Constr. Co.*, 149 Ill.2d 190 (1992), citing *Calumet Country Club v. Roberts Environmental Corp.*, 136 Ill.App.3d 610, 612 (2d Dist. 1985) (where two statutes of limitations arguably apply to the same action, the "specific" statute of limitations trumps or "takes precedence over the general limitations period of section 13-205").

5

Here, the most specific, applicable statute of limitations is the one-year period for privacy claims, 735 ILCS 5/13-201. The public policy set forth in BIPA is best served by applying a short statute of limitations. The Illinois Supreme Court recently explained that BIPA was enacted to protect biometric identifiers and information "before they are or can be compromised." *Rosenbach*, ¶36. Thus, the sooner companies are put on notice of any alleged BIPA violation, the sooner they can investigate and take steps to better protect any biometric identifiers or biometric information.

1.    **The Complaint Pleads a Privacy Claim Subject to a One-Year Statute of Limitations.**

Privacy claims are governed by a one-year statute of limitations. Section 13-201 provides:

> Defamation – Privacy. Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued.

735 ILCS 5/13-201.

Here, the Complaint asserts an action for violation of plaintiff's "privacy through Defendant's violations of BIPA." (ECF No. 4-2 ¶24.) The Complaint plainly alleges a Section 15(b) "notice and consent" violation and appears to also allege a Section 15(d) "unauthorized disclosure" or publication to a third party. (*Id.* ¶¶17-23, 42, 46-23.) Accordingly, it meets the plain language of Section 13-201 which applies to a "publication of matter violating the right of privacy."

The General Assembly enacted BIPA to codify "that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach*, 2019 IL 123186, ¶33. Section 15 of BIPA "define[s] the contours" of this statutory privacy right. *Id.* The Illinois Supreme Court has placed Section 15(b) "notice and consent" violations on an equal footing with Section 15(d) "unauthorized disclosures" by rejecting their characterization as "technical" and explaining that an individual's right "'to maintain [his or] her biometric privacy

6

vanishes into thin air'" when Section 15(b) is violated. *Id*. ¶34. The General Assembly also put Section 15(b) and 15(d) violations on an equal footing by making BIPA's statutory damages the same for either violation – $1,000 per negligent violation. 740 ILCS 14/20(1).

Section 13-201 was enacted in 1982 – long before BIPA and *Rosenbach*. The Supreme Court is presumed to act with knowledge of existing law. Accordingly, by making a Section 15(b) "notice and consent" violation functionally equivalent to a Section 15(d) "unauthorized disclosure," the General Assembly and Illinois Supreme Court have made the privacy violations alleged in the Complaint subject to the one-year limitations period in Section 13-201.

Plaintiff alleges that US Cold Storage violated his privacy rights in his biometric information by disclosing it to a third-party vendor without his authorization or consent. (ECF No. 4-2, ¶¶20-21, 23, 50.) That is plainly a "publication of matter violating the right of privacy."

US Cold Storage's alleged capture, collection, storage and use of plaintiff's "fingerprint and/or handprint" without his consent also qualifies as a "publication of matter violating the right of privacy" because it implicates the publication of his private information within the facility. Case law is plain that "publications" can and do occur within a company and do not require disclosure to the outside world. *Popko v. Contl. Cas. Co.*, 355 Ill.App.3d 257, 265 (1st Dist. 2005) ("element of publication is satisfied, even within a corporate environment, where the communication is made to any third party" such as the corporation's agent, employee or officer).

As technology continues to evolve, the law must respond to address new and emerging ways in which private data is communicated and privacy rights violated. Here, the Complaint alleges that US Cold Storage requires collection and use of plaintiff's "fingerprint and/or handprint" to communicate his presence in the facility and to record his time worked. As a matter of common sense, US Cold Storage could not capture, use or disclose plaintiff's biometric

information without the acts of its employee. This is no different than the internal publication discussed in *Popko*.

The application of Section 13-201's one-year statute of limitations to analogous privacy statutes with comparable language and protections provides further support for its application to BIPA. BIPA's purpose is to give individuals the right to control whether a private entity can capture, use, store or disclose their biometric information by requiring their prior consent. The Illinois Right of Publicity Act serves a nearly identical purpose – it gives individuals the "right to control and choose whether and how" their "identity" is used "for commercial purposes." 765 ILCS 1075/10. This privacy right is violated when a defendant makes "use of an individual's identity for commercial purposes … without having obtained previous written consent." 765 ILCS 1075/30. Courts have held that the Right of Publicity Act's statute of limitations is Section 13-201's one-year limitations period. *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 324 (2d Dist. 2006) (applying Section 5/13-201's one-year statute of limitations and the "general rule whereby a cause of action accrues at the time a party's interest is invaded").

Here, the Complaint alleges that US Cold Storage used plaintiff's biometric information without his consent for a commercial purpose, *i.e.,* the operation of its business. Thus, when applying the Complaint's language, along with BIPA's language and purpose, the court should find that this action for violation of plaintiff's "rights to privacy in [his] biometric … information" is subject to the same one-year limitations period as an action under the Right of Publicity Act. The language and purpose of the two statutes is functionally the same.

2. **In the Alternative, the Complaint Pleads a Statutory Penalty Claim Subject to a Two-Year Statute of Limitations.**

If the Complaint is not construed to plead a privacy violation subject to Section 13-201, then the alternative is to treat it as a statutory penalty claim. In Illinois, claims for statutory

penalties and personal injuries are governed by a two-year statute of limitations. *See* 735 ILCS 5/13-202. Section 13-202 provides:

> Personal injury – Penalty. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, . . . shall be commenced within 2 years next after the cause of action accrued.

735 ILCS 5/13-202.

In *Landis v. Marc Realty, L.L.C.*, 235 Ill.3d 1, 13-14 (2009), the Illinois Supreme Court explained the difference between statutory penalty and remedial statutes. A "statute is remedial where it 'imposes liability only when actual damage results from a violation' and where 'liability is contingent upon damage being proven by the plaintiff.'" *Id.*, 13. By contrast, a statute is penal when it imposes automatic liability for a violation of its terms, sets forth a predetermined amount of damages and imposes liability regardless of plaintiff's actual damages. *Id.* Thus, a claim seeking predetermined statutory damages is a "statutory penalty" subject to Section 13-202 where, as here, the statutory "relief available . . . is not dependent on plaintiffs' actual damages." *Id.*, 14. *See also Namur v. Habitat Co.*, 294 Ill.App.3d 1007, 1010-11 (1st Dist. 1998) ("action is one for a 'penalty' within the meaning of section 13-202" because plaintiffs sought to recover the ordinance's fixed or formulaic damages).

In *Rosenbach*, the Illinois Supreme Court held that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act" to seek statutory damages under BIPA. 2019 IL 123186, ¶40. *Rosenbach* further explained that the General Assembly's intent was to "subject[] private entities who fail to follow the statute's requirements to substantial potential liability" for "preventative and deterrent purposes." *Id.* ¶¶36-37. That is the essence of a statutory penalty.

Here, the Complaint does not plead or seek "actual damages" but predetermined "liquidated damages to each per person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20." (ECF No. 4-2, Prayer for Relief (c).) Given these allegations and the recent ruling in *Rosenbach*, the Complaint alleges a "statutory penalty" claim subject to the two-year statute of limitations.

### 3. Alternatively, the Complaint Pleads a Personal Injury Claim Subject to a Two-Year Statute of Limitations.

The Complaint also can be construed to allege a personal injury claim based on negligent or reckless conduct. It alleges that US Cold Storage owed statutory duties to plaintiff and negligently or recklessly violated (or breached) its statutory duties by:

> 46. … failing to publicly provide a retention schedule or guideline for permanently destroying the biometric identifier[] and biometric information it collected from Plaintiff …

> 47. … failing to inform Plaintiff … in writing that [his] biometric identifier[] and biometric information were being collected and stored.

> 48. … failing to inform Plaintiff … in writing of the specific purpose and length of term for which [his] biometric identifier[] and/or biometric information was being collected, stored, and/or used.

> 49. … failing to obtain [a] written release[] from Plaintiff … before it collected, used, and/or stored [his] biometric identifier[] and biometric information.

(ECF No. 4-2 ¶¶30, 46-49.) The Complaint further alleges that US Cold Storage's negligent or reckless conduct "caused" plaintiff's "mental anguish and injury." (*Id.* ¶¶25.) *See Mitchell v. White Motor Co.*, 58 Ill.2d 159, 163 (1974) (the two-year statute of limitations for personal injury claims applies to both allegations of "direct physical or mental injury").

Because the Complaint can also be construed to allege a personal injury claim against US Cold Storage for purportedly breaching its duty to collect, store and use plaintiff's biometric data in compliance with BIPA, Section 13-202's two-year limitations period for personal injury claims

can be applied in the alternative, if the Complaint is not construed to plead a privacy violation subject to Section 13-201 or a statutory penalty subject to Section 13-202.

> **4.** **Plaintiff's BIPA Claim Accrued When US Cold Storage Failed to Give Plaintiff the Written Notice and Consent Forms Required by BIPA Prior to Collecting His Fingerprint and/or Handprint.**

Privacy, statutory penalty and negligence actions are subject to the same "accrual" provision. Under Section 13-201, "[a]ctions for damages . . . shall be commenced within one year *next after the cause of action accrued*." Section 13-202 requires that actions "be commenced within 2 years *next after the cause of action accrued*." 735 ILCS 5/13-201 and 202 (emphasis added.)

The Illinois Supreme Court has held that an action "accrues" "when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Witherell v. Weimer*, 85 Ill.2d 146, 156 (1981). This standard, however, does not mean the running of the limitations clock is postponed until plaintiff first obtains actual knowledge of defendant's statutory violation, negligent conduct or that the conduct is actionable. *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 170-71 (1981) ("[I]f knowledge of negligent conduct were the standard [for when a claim accrues], a party could wait to bring an action far beyond a reasonable time when sufficient notice has been received of a possible invasion of one's legally protected interest").

Nor does the term "wrongfully caused" mean actual knowledge that an actionable wrong was committed. *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 416 (1981). Rather, "wrongfully caused" means "becoming possessed of sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct was involved." *Id.* At that point, "the burden is upon the injured person to inquire further as to the existence of a cause of action." *Witherell*, 85 Ill.2d at 156.

Here, the Complaint alleges that plaintiff began using US Cold Storage's biometric time tracking system "in or around mid-2012" and that he was "required to have his fingerprint and/or handprint collected and/or captured so that US Cold could store it and use it moving forward as an authentication method" and track his time worked.  (*Id.* ¶¶14-15.) BIPA was passed in 2008. The bedrock foundation of our legal system is that all persons, including plaintiff, are "presumed to know the law." *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("The law is presumed to be equally within the knowledge of all parties"); *Livingston v. Meyers*, 6 Ill.2d 325, 334 (1955) (in construing and applying a statute, "[i]t must be presumed that people will know the law and abide by its requirements to protect their property interests").

Thus, plaintiff was on notice of the potential right of action BIPA gave him upon the statute's enactment. Plaintiff cannot excuse his failure to timely file within the one-year statute of limitation on any lack of knowledge of BIPA. *See, e.g.*, *Barlow v. United States*, 32 U.S. 404, 411 (1833) ("The whole course of the jurisprudence, criminal as well as civil, of the common law, points to a … common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally"); *LeGout v. LeVieux*, 338 Ill. 46, 51 (1929) (dismissing counter-claim as untimely where appellant admitted he had full knowledge of the facts but his "only excuse" was "ignorance of the law;" "Ignorantia legis neminem excusat is an old maxim, which is applied in this state as to ignorance of the laws of this state…. It would be impossible to administer the law if ignorance of its provisions were a defense thereto or could be used as an excuse for non-compliance").

The allegations in the Complaint are plain – that US Cold Storage violated BIPA by collecting plaintiff's fingerprint and/or handprint *without first* giving him the required Section 15 notices and obtaining his signed consent when it installed and implemented the use of its biometric

scanner. (ECF No. 4-2 ¶¶14, 17-19, 46-49.) Under the plain language of BIPA, the violation occurs when a private entity "collects" an individual's biometric identifier or information "unless it first" gives the required Section 15 notices and "receives a written release" from the individual. 740 ILCS 14/15.

When plaintiff had his "fingerprint and/or handprint collected" "in or around mid-2012" and began scanning his fingerprint/handprint "each day" (*Id*. ¶¶14-15), he was "presumed to know the law." BIPA required certain written disclosures and plaintiff's written consent before US Cold Storage could collect, use and store his fingerprint and/or handprint.

The Complaint further alleges that this "collection" and the "unauthorized disclosure" to the biometric vendor were simultaneous. At the same time US Cold Storage "collected" the fingerprint/handprint of plaintiff and its other employees, the Complaint alleges it made an "unauthorized disclosure" of that biometric information to its third-party biometric vendor who "maintains the employees' biometric information" for the "functionality of its biometric-scanning time-tracking system." (*Id.* ¶¶20-21, 23, 50.) Thus, when US Cold Storage "collected" plaintiff's fingerprint or handprint, it disclosed that biometric information to its third-party biometric vendor without plaintiff's authorization or consent. Here, US Cold Storage's collection of plaintiff's fingerprint/handprint scan and the unauthorized disclosure to its third-party biometric vendor were plainly a "publication of matter violating the right of privacy." A "cause of action accrues at the time a party's interest is invaded." *See Blair*, 369 Ill.App.3d at 324 (applying Section 5/13-201's one-year statute of limitations and the "general rule whereby a cause of action accrues at the time a party's interest is invaded").

Applying the Illinois Supreme Court's accrual standard, the Complaint demonstrates that plaintiff either knew or should have known of the injury to his privacy rights in mid-2012 – that

his biometric information was being collected without the disclosures and written consent required by BIPA **and** that it was wrongfully caused by US Cold Storage's purported failure to comply with BIPA. *See Knox College*, 88 Ill.2d at 416. Moreover, because the "collection" of his fingerprint/handprint and the "unauthorized disclosure" or publication to the biometric vendor occurred simultaneously, the violations occurred and the claim accrued at the same time. The BIPA violations are, therefore, subject to the one-year statute of limitations in Section 13-201.

Plaintiff had the same knowledge when he had his initial fingerprint and/or handprint scanned/collected in mid-2012, as he does now – he allegedly received no disclosures or written consent from US Cold Storage prior to his use of the biometric equipment. The initial Complaint, however, was not filed until November 7, 2017, more than five years after plaintiff's claim "accrued" in mid-2012. This lawsuit is, therefore, untimely under either the one-year statute of limitations in Section 13-201 or the two-year statute of limitations in Section 13-202 and must be dismissed with prejudice under Rule 12(b)(6).

**C.      The Complaint's BIPA Claim is Barred by the IWCA's Exclusive Remedy Provision.**

In the alternative, the Complaint should be dismissed under Rule 12(b)(6) because the BIPA action is preempted by the IWCA's exclusive remedy provision. The IWCA is an employee's exclusive remedy for "accidental injuries that arise out of and in the course of employment" and relieves the employer of employee lawsuits seeking "large damages verdicts" such as this BIPA class action. *Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill.2d 455, 462 (1990). There, the Illinois Supreme Court explained that the IWCA is a "grand bargain" between employers and employees, which makes workers' compensation the "exclusive remedy" for workplace injuries:

> The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. Accordingly, the Act imposes liability without fault upon the employer and, in

return, prohibits common law suits by employees against the employer. The exclusive remedy provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts."

*Id.* 462, citing 2A A. Larson, Law of Workmen's Compensation §65.11 (1988).

Section 5(a) of the IWCA applies the exclusive remedy provision not only to "common law" actions but also to a "statutory right to recover damages from the employer" such as BIPA. 820 ILCS 305/5(a). Section 5(a) limits employees to the compensation provided by the IWCA when they have a "common law or *statutory right to recover damages* from the employer" for "injury … sustained … while engaged in the line of his duty":

> No common law or *statutory right to recover damages* from the employer, his insurer, … or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act….

820 ILCS 305/5(a) (emphasis added).

Section 11 explicitly states that the compensation provided by the IWCA is the employer's full "measure of responsibility" for "accidental injuries sustained by any employee arising out of and in the course of the employment":

> The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer … for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act….

820 ILCS 305/11.

Collectively, Sections 5 and 11 of the IWCA bar this BIPA action unless plaintiff proves his injury: (1) was not accidental but intentionally inflicted by US Cold Storage, (2) did not arise from his employment, (3) did not occur during the course of his employment, or (4) is not compensable under the IWCA. *Meerbrey*, 139 Ill. 2d at 462-63.

15

The Complaint does not plead any of these exceptions to the IWCA's exclusivity rule. Instead, the Complaint's allegations show the exclusive remedy provision – "an accidental injury that arises out of and in the course of employment" – is met.

### 1. The Complaint Alleges an "Accidental Injury" Subject to the IWCA's Exclusive Remedy Provisions.

The Complaint alleges a "negligent" or "reckless" violation which denotes an "accidental injury" covered by the IWCA's exclusive remedy provisions. The Complaint alleges that US Cold Storage "negligently" or "recklessly" violated BIPA and that plaintiff "experienced injury in the form of mental anguish." (ECF No. 4-2 ¶¶25, 30, 46-50.) Case law equates "accidental injury" with "negligent" or "reckless" conduct. *See Senesac v. Employer's Voc. Res.*, 324 Ill.App.3d 380, 392 (1st Dist. 2001) ("Plaintiffs' allegations that defendants' actions were negligent or constituted malpractice do not rise to the same level as allegations characterizing defendants' actions as intentional, and defendants are entitled to protection from plaintiffs' negligence and malpractice claims under the exclusivity provisions of the Act"); *see also Wells v. I F R Eng'g Co.*, 247 Ill.App.3d 43, 46 (1st Dist. 1993) (affirming dismissal of wrongful death action under the exclusive remedy rule, which applies to "accidental injuries resulting from the reckless negligence of the employer;" "[w]hile an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it…. For conduct to be intentional, a person must commit the act and he must also intend to produce the harm. But if a person commits an act and only realizes there is a strong probability that harm might result, his conduct is merely reckless").

To show that an injury is "not accidental," plaintiff must allege and establish that US Cold Storage "acted deliberately and with specific intent to injure" him. *Garland v. Morgan Stanley & Co., Inc.*, 2013 IL App (1st) 112121, ¶29, *citing Copass v. Illinois Power Co.*, 211 Ill.App.3d 205, 214 (4th Dist. 1991) (plaintiff "must allege that the defendant acted deliberately with specific intent

to injure the employee") *and Mayfield v. ACME Barrel Co.*, 258 Ill.App.3d. 32, 35 (1994) ("only when the employer acts with specific intent to injure the employee that the resultant injury is stripped of its accidental character").

Here, the Complaint fails to plead that US Cold Storage acted with "specific intent to injure" plaintiff, which is necessary to strip the alleged injury of its accidental character. Indeed, the Complaint alleges no facts to show that US Cold Storage acted with specific intent to injure plaintiff. Rather, the Complaint alleges a "negligent" or "reckless" violation which denotes an "accidental injury," and thus, the accidental injury element is met. The first exception to the exclusivity rule – that the injury was not accidental but intentionally inflicted with specific intent to injure plaintiff – is not applicable.

> **2.      The Complaint Pleads Facts to Show That the Injury "Arises Out of" Plaintiff's Employment – *i.e.*, There is a Causal Connection Between His Employment and Injury.**

The "arising out of the employment" requirement refers to the "causal connection between the employment and the accidental injury." *Senesac*, 324 Ill.App.3d at 386. An injury "arises out of the employment" if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. *Caterpillar Tractor Co. v. Indus. Com*, 129 Ill.2d 52, 58 (1989).

The Complaint pleads the necessary causal connection between plaintiff's employment and injury. It alleges that once US Cold Storage installed a biometric timekeeping system in mid-2012, plaintiff "was required to have his fingerprint and/or handprint collected" so defendant "could store it and use it moving forward as an authentication method." (ECF No. 4-2 ¶¶10, 14.) It further alleges that US Cold Storage failed to comply with Section 15's written notice and consent requirements before it collected plaintiff's biometric information or re-disclosed it to its biometric

17

vendor and that this BIPA violation caused him to "experience[] injury in the form of mental anguish." (*Id.* ¶¶25, 34, 39, 46-49, 51.)

Thus, the injury plaintiff allegedly suffered, from US Cold Storage's alleged failure to comply with Section 15's notice and consent requirements, arises out of his employment with US Cold Storage. The second exception for injuries that did "not arise out of the employment" does not apply.

### 3. The Complaint Pleads Facts to Show that the Injury Occurred "In the Course of" Plaintiff's Employment.

Injuries sustained on an employer's premises and during working hours while an employee performs his work duties are deemed to arise "in the course of the employment." *Caterpillar*, 129 Ill.2d at 57. Here, the Complaint alleges that US Cold Storage installed a biometric timekeeping system in mid-2012 at both the Wilmington and Minooka locations where plaintiff worked and used a "biometric scanner" to "collect" plaintiff's "fingerprint and/or handprint" to authenticate his identity and to record his time worked. (*Id.* ¶¶4, 7, 10-15, 44.) It alleges that "[e]ach day, Plaintiff was required to place his entire hand on a panel to be scanned in order to 'clock in' and 'clock out' of work." (*Id.* ¶15.) The Complaint further alleges that defendant's Section 15 violations caused plaintiff to "experience[] injury in the form of mental anguish" and violated his privacy rights. (*Id.* ¶24-25, 51.)

Thus, the injury plaintiff sustained occurred during working hours, at the locations where he worked, and while performing his job duties – *i.e.*, "in the course of his employment." The third exception to the exclusivity rule – that the injury did "not arise in the course of his employment" – is inapplicable.

4.      **The Injury is Compensable under the IWCA.**

The exclusivity provisions in Sections 5 and 11 of the IWCA apply, respectively, to an "injury … sustained by any employee while engaged in the line of his duty as such employee" and to "accidental injuries sustained by any employee arising out of and in the course of the employment." 820 ILCS 305/5(a) and 11. Analyzing this plain statutory language, the Illinois Supreme Court has repeatedly held that an injury is "compensable under the Act" if it was "suffered in the line of duty," which means it "arose out of and in the course of employment." *See Folta*, 2015 IL 118070, ¶¶18-30, citing *Sjostrom v. Sproule*, 33 Ill.2d 40, 43 (1965) ("the 'line of duty' test is therefore construed as identical to the general test of compensability, 'arise out of and in the course of employment'") and *Unger v. Continental Assurance Co.*, 107 Ill.2d 79, 85 (1985) ("The pivotal question … is whether the injury alleged is compensable under the Act. An injury will be found to be compensable if it "aris[es] out of and in the course of the employment."

The Illinois Supreme Court has held that plaintiff's emotional injury and "mental anguish," as alleged in the Complaint, is compensable under the IWCA. *See Folta*, ¶¶20-23, citing *Pathfinder Co. v. Industrial Comm'n*, 62 Ill.2d 556, 563 (1976). The Illinois Supreme Court has further explained that whether an "injury is compensable" is not defined or controlled by the "ability to recover benefits for a particular injury" or by "limitations on the amount and type of recovery under the Act." *Folta*, ¶¶23, 30. "[S]ince 1956, this court has held that despite limitations on the amount and type of recovery under the Act, the Act is the employee's exclusive remedy for workplace injuries." *Id.* ¶30.

As discussed in Sections B(2)-(3) above, plaintiff's alleged injury arose out of and in the course of his employment and, thus, is compensable under the IWCA. The Illinois Supreme Court recently held that when BIPA is violated, plaintiff suffers a "real and significant" injury to his "right to privacy in and control over [his] biometric identifiers and biometric information":

19

> When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, "the right of the individual to maintain her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." This is no mere "technicality." The injury is real and significant.

*Rosenbach,* ¶¶33-34 (citation omitted).

This Illinois Supreme Court holding – that BIPA violations cause "real and significant injury" to an individual's privacy rights – leaves no doubt that plaintiff has suffered an alleged "injury" that mandates application of the IWCA's exclusive remedy provision. Accordingly, IWCA's exclusive remedy provision compels plaintiff's injury to be addressed via the IWCA. Accordingly, plaintiff's BIPA claim is preempted by the IWCA and must be dismissed with prejudice.

## CONCLUSION

For all of the above reasons, defendant United States Cold Storage, Inc. respectfully requests that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and for all such further relief that this Court deems just.

**DATED:** March 18, 2019

Respectfully submitted,

By: /s/ Anne E. Larson
One of the Attorneys for Defendant
United States Cold Storage, Inc.

Anne E. Larson (ARDC No. 6200481)
Goli Rahimi (ARDC No. 6317753)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*anne.larson@ogletree.com*
*goli.rahimi@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 18, 2019, she caused the foregoing ***Memorandum in Support of Defendant's Rule 12(b)(6) Motion to Dismiss*** to be filed electronically with the Clerk of Court's electronic delivery system, which sent notification of such filing to:

Alejandro Caffarelli
Lorrie T. Peeters
Alexis D. Martin
**CAFFARELLI & ASSOCIATES LTD.**
224 S. Michigan Avenue, Suite 300
Chicago, Illinois 60604
*acaffarelli@caffarelli.com*
*lpeeters@caffarelli.com*
*amartin@caffarelli.com*

***Attorneys for Plaintiff***

/s/ Anne E. Larson
One of the Attorneys for Defendant
United States Cold Storage, Inc.

37672895.3